**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0004001**
**10-MAR-2014**
**01:09 PM**

NO. CAAP-13-0004001

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ROBERT D. FERRIS TRUST, Appellant-Appellant
v.
PLANNING COMMISSION OF THE COUNTY OF KAUA'I,
COUNTY OF KAUA'I PLANNING DEPARTMENT and COUNTY OF KAUAI,
Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0349)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record in this case, it appears that we lack appellate jurisdiction over the appeal that Appellant-Appellant Robert D. Ferris Trust (Appellant Ferris) has asserted from the Honorable Randal G.B. Valenciano's September 16, 2013 "Findings of Fact, Conclusions of Law; Decision and Order" (hereinafter the September 16, 2013 order), because the circuit court has not reduced the September 16, 2013 order to a separate judgment, as Rules 58 and 72(k) of the Hawai'i Rules of Civil Procedure (HRCP) require in an administrative appeal from a circuit court pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013).

"Review of any final judgment of the circuit court under this chapter shall be governed by chapter 602." HRS § 91-15 (1993). The intermediate court of appeals has

jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2013). Under HRS § 641-1(a), "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered <u>in favor of and against the appropriate parties</u> pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) (emphasis added). "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." <u>Jenkins</u>, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

Although the instant case involves an administrative appeal, HRCP Rule 72(k)[1] similarly requires that, upon a circuit court's adjudication of an administrative appeal, "the court having jurisdiction shall enter judgment." HRCP Rule 72(k). The separate judgment document rule under the holding in <u>Jenkins</u> applies to a secondary appeal from a circuit court order that

---

[1] Rule 81(e) of the Hawai'i Rules of Civil Procedure (HRCP) requires that the Hawai'i Rules of Civil Procedure "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

2

adjudicates an administrative appeal. <u>See</u>, <u>e.g.</u>, <u>Raquinio v. Nakanelua</u>, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in <u>Jenkins</u> apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). Therefore, where a circuit court failed to reduce dispositive orders in an administrative appeal to a separate judgment, we dismissed the appeal for lack of jurisdiction:

> In Raquinio's case, the requirements of HRCP Rules 58 and 72(k) and <u>Jenkins</u> apply and have not been satisfied. Therefore, Raquinio's appeal is premature, and we do not have appellate jurisdiction.
>
> Accordingly, this appeal is dismissed for lack of appellate jurisdiction.

<u>Id.</u>

Likewise in the instant administrative appeal, the requirements of HRCP Rule 58, HRCP Rule 72(k) and <u>Jenkins</u> apply, and the circuit court has not reduced the September 16, 2013 order to a separate judgment that, on its face, enters judgment in favor of and against the appropriate parties. On December 13, 2013, the record on appeal for appellate court case number CAAP-13-0004001 was filed, and the record on appeal does not contain a separate judgment. Absent an appealable final judgment, Appellant Ferris's appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-13-0004001 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 10, 2014.

Presiding Judge

Associate Judge

Associate Judge

3